IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2005

## STATE OF TENNESSEE v. BILLY RAY RILEY

**Direct Appeal from the Circuit Court for Madison County**
**No. 03-344     Roger Page, Judge**

---

**No. W2004-02016-CCA-R3-CD  - Filed July 26, 2005**

---

A Madison County Circuit Court jury convicted the appellant, Billy Ray Riley, of theft of property valued one thousand dollars or more but less than ten thousand dollars, and the trial court sentenced him as a Range III offender to twelve years in the Department of Correction.  In this appeal, the appellant claims that the evidence is insufficient to support the conviction.  Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Angela J. Hopson (at trial and on appeal), Jackson, Tennessee, and Marcus M. Reaves (at trial), Denmark, Tennessee, for the appellant, Billy Ray Riley.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and James Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

Harriet Elaine Newbern testified that she lived in Jackson, Tennessee and had a twenty-five-year-old daughter who suffered from diabetes and blindness.  According to Ms. Newbern, her daughter sometimes had to stay in Maplewood Nursing Home in order to receive treatment for her diabetes.  On January 13, 2003, Ms. Newbern was having a birthday party in her home for her daughter.  During the party, Farley Hardison and the appellant arrived and told Ms. Newbern that they were traveling from Nashville to Memphis.  Ms. Newbern knew Mr. Hardison, but she had not previously met the appellant.  Ms. Newbern could tell that the men had been drinking alcohol, and she invited them to spend the night in her home.

After the birthday party, Ms. Newbern, Mr. Hardison, and the appellant drove Ms. Newbern's daughter back to the nursing home. The next day, Ms. Newbern and the appellant drove to the nursing home in order to pick up Ms. Newbern's daughter. Ms. Newbern stated that she allowed the appellant to drive her car to the nursing home and that she rode with him. Later that day, they drove Ms. Newbern's daughter back to the nursing home in the appellant's car. On January 15, Ms. Newbern had a doctor's appointment. The appellant asked Ms. Newbern if he could visit her daughter in the nursing home while Ms. Newbern was at the appointment. Ms. Newbern agreed and gave the appellant permission to drive her car to Maplewood. The appellant left before noon, and Ms. Newbern left to go to her appointment. When she returned home from her doctor's appointment, the appellant was not there. Concerned, Ms. Newbern drove to Maplewood Nursing Home and learned that the appellant had never arrived.

Ms. Newbern returned home and waited for the appellant. When he had not returned with her car by 5:00 p.m., Ms. Newbern telephoned the police. The police came to her home, and Ms. Newbern gave a report. While the police were there, the appellant telephoned Ms. Newbern. Ms. Newbern told the appellant to return her car, and the appellant replied, "I can't." Ms. Newbern testified that the appellant never returned her car, that it was worth about $3,500, and that her insurance company paid her $1,400 for it. She stated that she had allowed the appellant to drive the car in order to visit her daughter but that she had not given him permission to keep the car indefinitely. On cross-examination, Ms. Newbern acknowledged that when the appellant telephoned her on January 15, he told her that he was lost. She also acknowledged that when she gave the appellant permission to drive her car, she did not tell him what time to return it.

Melissa Green, Harriet Newbern's daughter, testified that she usually lived with her mother but sometimes received treatment at Maplewood Nursing Home. On January 13, 2003, Ms. Green had a birthday party at her mother's home. During the party, Mr. Hardison and the appellant arrived. Ms. Green stated that she had not previously met the appellant. On January 15, Ms. Green was staying at the nursing home. The appellant telephoned Ms. Green and told her that he was planning to visit her but had gotten lost. Ms. Green stated that the appellant never arrived at Maplewood.

Investigator Steve Gregory of the Jackson Police Department testified that he was assigned to investigate Ms. Newbern's case. At some point, the appellant was arrested. Investigator Gregory read the appellant his Miranda rights and interviewed him. According to the appellant's statement to Investigator Gregory, the appellant rode with Mr. Hardison from Knoxville to Ms. Newbern's home in Jackson. Ms. Newbern invited them to stay with her, and the appellant got to know Ms. Newbern's daughter. On January 15, the appellant asked Ms. Newbern if he could "borrow" her car in order to visit her daughter at the nursing home. Ms. Newbern allowed the appellant to take the car but the appellant got lost on his way to Maplewood. The appellant telephoned Ms. Newbern's daughter, and she gave him directions to the nursing home. However, the appellant got lost again and drove toward Knoxville. In the statement, the appellant said, "I should not have went to Knoxville. I am wrong for that."

The appellant claims that the evidence is insufficient to support his conviction for theft and that the trial court erred by denying his motion for judgment of acquittal. Specifically, he argues that he did not commit a theft because Ms. Newbern gave him permission to drive her car. In addition, he claims that the State failed to prove that he intended to deprive Ms. Newbern of her car because the evidence shows that she gave him permission to use it and did not tell him when to bring it back. The State argues that the evidence is sufficient. We agree with the State.

"The standard by which the trial court determines a motion for judgment of acquittal at the end of all the proof is, in essence, the same standard which applies on appeal in determining the sufficiency of the evidence after a conviction." State v. Thompson, 88 S.W.3d 611, 614-15 (Tenn. Crim. App. 2000). When an appellant challenges the sufficiency of the convicting evidence, the standard for review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses and the weight and value to be afforded the evidence, as well as all factual issues raised by the evidence, are resolved by the jury as trier of fact. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh or reevaluate the evidence. Id. Because a jury conviction removes the presumption of innocence with which a defendant is initially cloaked at trial and replaces it on appeal with one of guilt, a convicted defendant has the burden of demonstrating to this court that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

A person is guilty of theft if that person, with the intent to deprive the owner of property, knowingly obtains or exercises control over the property without the owner's effective consent. See Tenn. Code Ann. § 39-14-103. "Deprive" means to "[w]ithhold property from the owner permanently or for such a period of time as to substantially diminish the value or enjoyment of the property to the owner." Tenn. Code Ann. § 39-11-106(a)(8)(A). If the value of the property is between one thousand and ten thousand dollars, the theft is a Class D felony. See Tenn. Code Ann. § 39-14-105(3).

Taken in the light most favorable to the State, the evidence shows that Ms. Newbern loaned the appellant her car in order for the appellant to drive to the Maplewood Nursing Home. The appellant took the car and never returned it. Although the appellant initially had permission to use the car, the evidence shows that when he telephoned Ms. Newbern on January 15, she told him to return the car and he refused. The evidence is sufficient to support the conviction.

## III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE